Winchell v. Scott.

---

RENSSELAER WINCHELL, Appellant, *against* ARCHIBALD SCOTT *et al.*, Respondents.

(Decided June 7th, 1886).

Plaintiff being in default in his payments under a contract with defendants for the sale of ice by them to him for a specified period, they availed themselves of the right, under its terms, to cancel the contract more than four years before it would otherwise have expired. After the expiration of the term fixed by it, the price of ice having advanced, plaintiff brought an action to set aside the cancellation of the contract. *Held*, that as his object was not to obtain the ice which defendants contracted to sell to him, but to bring an action for breach of the contract without being liable to perform its stipulations, the court would, under such circumstances, look only at the strict legal rights of the parties; and *that indulgence in making payments habitually extended to plaintiff* before the cancellation of the contract should not operate as a bar to defendants' right.

VOL. XIII—36

APPEAL from a judgment of this court.

The facts are stated in the opinion.

*B. D. Killian*, for appellant.

*W. G. Cooke*, for respondents.

PER CURIAM.—The contract provides that Winchell shall pay for the ice that he purchased of the defendants, "in weekly and full payments, after a proper delivery of the same," and that if he should fail to fulfill his obligations, or wilfully neglect to comply with the same, then, at the option of the defendants, the agreement to sell and deliver ice to him should be null and void.

There is no dispute as to Winchell's default; it is conceded that on the 10th day of March, 1869, he owed the defendants for all the ice that he had bought from them between October 16th, 1868, and December 31st of that year. His debt exceeded $170. On the 10th day of March, 1869, the defendants caused a demand to be made upon him, and as he did not pay at the very moment, they served him with a written notice that as he had failed to comply with his obligations, they availed themselves of their right to declare their contract with him null and void.

The good faith of the defendants in giving that notice is open to question, for there is strong reason to suspect that they did not cancel the contract because Winchell was in their debt, but for very different reasons; the fact being that they had entered into engagements with the Washington Ice Company that looked to an increase in the price of ice, and to a combination among various wholesale dealers in that article. If Winchell stood in the attitude of a party seeking the restoration of his right to obtain ice, of which he had been unconscionably deprived by the wrongful rescission of the contract, we should be disposed to scrutinize with great care the conduct of the defendants, and to listen with indulgence to the excuses that he gives for his neglect

Winchell v. Scott.

to make payment weekly, as he agreed to do. But he does not seek to be relieved from the cancellation of the contract. in order that he may obtain the ice that the defendants contracted to sell to him. His object in asking that the cancellation of the contract be set aside, is that he may bring. an action for the breach of the revivified contract without being liable to perform any of the stipulations contained in that instrument. He seeks to get the advantage, without bearing the burden, of the agreement. The contract expired by its own limitation on the first day of April, 1873. The defendants gave him notice of cancellation in March, 1869. He did not begin this action till January, 1875. Having waited till he had seen that for several years after the cancellation the price of ice greatly advanced, he attempts after the lapse of years to take advantage of the rise. Under such circumstances, the court will look only at the strict legal rights of the parties.

It is plain that the defendants had, by the provisions of the contract, a right to cancel it whenever the plaintiff was in default; it is not denied that the plaintiff was in default; there can be no doubt, therefore, that, as matter of law, the cancellation put an end to the rights of the plaintiff under the contract.

The contract did not require the defendants to demand payment before rescinding. A demand was nevertheless made. It is true that a reasonable time to comply with the demand was not given, but of that the plaintiff does not complain.

Though the indulgence in making payments that the defendants habitually extended to the plaintiff, might, under some circumstances, act as an equitable bar to a sudden and unconscientious enforcement of the defendants' right of cancellation, there is nothing in the facts of this case to invite the erection of such a bar.

Judgment affirmed, with costs.